UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

**DIAMOBJECT SERVICES CORPORATION**       * CIVIL ACTION NO. 10-cv-00177

**VERSUS**                                 * JUDGE DOHERTY

**OCEANOGRAFIA, S.A. DE C.V.**             * MAGISTRATE JUDGE HILL

REPORT AND RECOMMENDATION

    Before the Court are the motions to dismiss filed by Zurich American Insurance Company ("Zurich") [Record Doc. 19], Otto Candies, LLC, ("Otto Candies") [Record Doc. 22], and Otto Candies Family Investments, LLC, ("Candies Family Investments"), [Record Doc. 23].  The motions are opposed by the plaintiff. [Record Doc. 27 and 29]. Replies have been filed by each movant. [Record Doc. 52, 54 and 56].  The motions were referred to the undersigned and oral argument was held on January 5, 2011.

    For those reasons set out below, the undersigned recommends that the motions to dismiss be **denied**.

    Movants argue that the complaint and amending complaint filed by the plaintiff [Record Doc. 1 and 10] should be dismissed because the allegations made against the movants therein are merely conclusory in nature, lack factual content and therefore fail to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In support of their position, the defendants rely on two cases decided by the United States Supreme Court, to wit, *Bell Atlantic Corp. v. Twombley*, 550 US 544, 127 S.Ct. 1955 (2007) and *Ashcroft v. Iqbal*, ___ U.S. ___, 127 S.Ct.1937 (2009).

**Motion to dismiss standard**

After the Supreme Court's decisions in *Twombly* and *Iqbal*, there has been much discussion, and ensuing litigation, on the effect of these two cases on the standard to be applied by trial courts in deciding motions to dismiss. In *Barber v. Bristol-Myers Squibb*, docket No. 09-1562 (W.D. La. 2010), Magistrate Judge Hanna discussed in detail the effect of *Twombly* and *Iqbal* on the court's analysis of Rule 12(b)(6) motions. Since the undersigned agrees with Judge Hanna's analysis, and can say it no better than he did, the undersigned adopts Judge Hanna's analysis in *Barber* as follows:

> When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.2007) (internal quotations omitted), quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir.2004). "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" In re Katrina Breaches Litig., 495 F.3d at 205, quoting Twombly, 550 U.S. at 544, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" Id., quoting Twombly., 550 U.S. at 555, 127 S.Ct. at 1965. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555, 127 S.Ct. at 1964-65 (citations, quotation marks, and brackets omitted) (emphasis added). *See also* Ashcroft, 129 S.Ct. at 1950.
>
> "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged [Twombly] at 556, 127 S.Ct. 1955. . . . Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft, 129 S.Ct. at 1950. The Ashcroft court further explained:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

In Lormand v. US Unwired, Inc., 565 F.3d 228 (5th Cir. 2009), the Fifth Circuit succinctly explained Twombly's "plausibility" standard of pleading applied to Fed. R. Civ. P. 8(a)(2) as follows:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

Lormand, at 257, quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965. See also In Re Southern Scrap 541 F.3d 584, 587 (5th Cir. 2008) quoting Twombly. (Footnotes omitted).

Contrary to the argument that the decisions in Twombly and Ashcroft have changed the pleading requirements under Fed. Rule Civ. P. 8, the Fifth Circuit emphasized Twombly does not create a heightened pleading standard and does not alter, but only "explicates" Rule 8(a)(2), because Twombly itself recognizes pleading requirements can only by changed by amendment of the Federal Rules. See Lormand, at 258, n. 29, citing Twombly, 550 U.S. at 569, 127 S.Ct. at 1973 n.14. The Supreme Court clearly stated its intention:

> In reaching this conclusion, we do not apply any 'heightened' pleading standard, nor do we seek to broaden the scope of Federal Rule of Civil Procedure 9, which can only be accomplished 'by the process of amending the Federal Rules, and not by judicial interpretation.' . . . On certain subjects understood to raise a high risk of abusive litigation, a plaintiff must state factual allegations with greater particularity than Rule 8 requires. . . .Here, our concern is not

> that the allegations were insufficiently 'particular[ized]' . . . rather, the complaint warranted dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible. . . .[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.

Twombly, 555 U.S. at 569 n.14, 570.(Citations omitted)

Literally days after Twombly was decided, the Supreme Court, citing Twombly, stated in Erickson v Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 2200 (2007):

> Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. at 1949, Twombly, 555 U.S. at 556, 127 S.Ct. at 1965. This analysis is not substantively different from that set forth in Lormand, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. Rule Civ. P. 8 (a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." Lormand, 565 F.3d at 257, Twombly, 555 U.S. at 556, 127 S. Ct. at 1965.

*Id*. at 5-9.

More recently, the Fifth Circuit has characterized the analysis thusly:

To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* --

- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955. In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff. *MySpace,* 528 F.3d at 418 (citing *Hughes,* 278 F.3d at 420). We do not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.,* 484 F.3d 776, 780 (5th Cir.2007) (quoting *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir.2005)); *see also Iqbal,* 129 S.Ct. at 1940 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").[1] [2]

*In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010).

With this standard and analytical framework in mind, the Court now goes to the plaintiff's complaint and amending complaint to see if they meet these pleading requirements.[3]

---

[1] The motion before the Court in *Great Lakes Dredge* was a Rule 12(c) motion. The standard for Rule 12(c) motions is the same as that for motions under Rule 12(b)(6). *Great Lakes Dredge*, 624 F3d at 210.

[2] Magistrate Judge Hanna's Report and Recommendation was adopted by Judge Melancon, in the following terms: "[T]he Court concludes that the Report and Recommendation of the Magistrate Judge is correct and adopts the findings and conclusions therein as its own." *Barber*, *supra.*, rec. doc. 60.

[3] Several Louisiana district courts have addressed the issue. *See*, *Cockerham v. Parish of Ascension,* 2010 WL 5576195, *1 (M.D. La., November 2, 2010) ([A]lthough "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action" in order to provide the "grounds" of "entitle[ment] to relief."); *Washington v. Cain*, 2010 WL 3724516 (M.D. La., August 17, 2010) (same); *Davis v. Evangelist*, 2009 WL 2447897, *2 (E.D. La., August 6, 2009) (Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.').

**The complaint and amending complaint**

The original complaint named Oceanografia, S.A. DE C.V. ("Oceanografia"), alleged to be a Mexican corporation, as the only defendant. [Record Doc. 1]. Basically, the complaint alleges that Oceanografia entered into a Bareboat Charter ("the charter") with plaintiff, Diamond Services Corporation, ("Diamond"), to charter the M/V Kristen Grace ("the vessel"). When Oceanografia failed to make all of the required rental payments, Diamond repossessed the vessel. When repossessed, the vessel was apparently damaged, allegedly as a result of the negligence of Oceanografia. Plaintiff pleads causes of action for breach of contract (of the charter), and negligence, which caused the physical damage to the vessel. [Record Doc. 1, ¶¶ 5, 6, 12, and 13]. The plaintiff has, so far, been unable to serve Oceanografia despite several attempts. The plaintiff continues attempting to make service on a Oceanografia pursuant to the Hague convention. [Record Doc. 46].

By amending complaint, the plaintiff added Otto Candies, Candies Family Investments and Zurich as defendants. [Record Doc. 10]. In essence, the plaintiff alleges that Otto Candies and Candies Family Investments comprise a "single enterprise" with Oceanografia, or that Otto Candies and/or Candies Family Investments is/are an "alter ego" of Oceanografia. This is clear from a reading of the amending complaint, as a whole, and was confirmed by counsel for the plaintiff at oral argument.

Finally, plaintiff alleges that, at the time of the alleged incident sued on, Zurich had issued one or more policies of liability insurance to Otto Candies which provided coverage for the negligently caused property damage allegedly sustained by the vessel. [Record Doc. 10, ¶ 19].

Neither Otto Candies nor Candies Family Investments complain that the original complaint filed herein is inadequate. Rather, both complain that the amending complaint insufficiently pleads the "alter ego" or "single enterprise" cause of action asserted by the plaintiff against them. Accordingly, the amending complaint must be analyzed to determine if the factual allegations made in that complaint, which need not be detailed or specific, and which are still entitled to the "assumption of truth", allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

**Allegations against Otto Candies**

In its amending complaint, Diamond asserts allegations of fact, conclusory allegations and allegations of law. Conclusions of law are permissible, and may provide the framework for the complaint, however, they must be supported by factual allegations. Well-pleaded factual allegations are still accepted as true when deciding a motion to dismiss under Rule 12(b)(6). *Iqbal*, 129 S.Ct. at 1950. Diamond makes the following allegations of fact, which are entitled to the assumption of truth at this stage, as supporting its "single enterprise" or "alter ego" cause of action against Otto Candies:

- Otto Candies is the guarantor for all loans of Candies Mexican Investments, S. DE R. L. DE C. V. ("Candies Mexican"). [Record Doc. 10, ¶ 8];

- Otto Candies provided financing for Candies Mexican. [Record Doc. 10, ¶ 8];

- Otto Candies paid debts and other expenses owed by Oceanografia. [Record Doc. 10, ¶ 11];

- Otto Candies negotiated the charter at issue in this lawsuit with Diamond. [Record Doc. 10, ¶ 12];

- Otto Candies provided a bond as required in the charter at issue. [Record Doc. 10, ¶ 12];

- Otto Candies secured the insurance as charterer as required in the charter at issue. [Record Doc. 10, ¶ 12];

- Otto Candies and Oceanografia had common ownership, directors, officers, management and operations. [Record Doc. 10, ¶ 16].

Based on these allegations of fact, Diamond asserts that Oceanografia and Otto Candies constituted a single business enterprise which conducted business in Mexico under the name of Oceanografia, or that Oceanografia was the "alter ego" of Otto Candies. [Record Doc. 10, ¶ 15 and 16 ].

This court's diversity jurisdiction was invoked by the plaintiff in the original complaint. [Record Doc. 1, ¶ 2]. Accordingly, Louisiana law applies. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[4]

---

[4] In the plaintiff's memorandum in opposition to the defendants' motion to dismiss, the assertion is made that the charter designates general maritime law and Louisiana law as governing the contract. However, a copy of the contract was not attached to the original complaint. Accordingly, the contractual provisions are not before the Court on this motion to dismiss. In the absence of a choice of laws provision, the court must, at this time, apply Louisiana law to the issue. The court expresses no opinion

The Fifth Circuit, in *Jackson v. Tanfoglio Giuseppe, S.R.L.* 615 F.3d 579 (5th Cir. 2010), recently noted that:

> Under Louisiana law, the factors to be considered to determine whether one entity is an alter ego of another or whether two entities are a "single business enterprise" are similar. *Green v. Champion Ins. Co.,* 577 So.2d 249, 257-58 (La. Ct. App. 1991). They include, but are not limited to, common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities. *See Hollowell v. Orleans Reg'l Hosp. LLC,* 217 F.3d 379, 385-89 (5th Cir. 2000); *Green,* 577 So.2d at 258. *No one factor is dispositive. Green,* 577 So.2d at 258.[5]

*Id.* at 587. (emphasis added)

Accordingly, the Court must analyze the factual allegations contained in the amending complaint against Otto Candies, drawing on the court's judicial experience and common sense, to analyze whether those facts, which need not be detailed or specific, allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Of the several factors recognized by the Fifth Circuit in *Jackson*, several have been factually pled here. Specifically, plaintiffs have pled that, as between Oceanografia and

---

on whether there is a difference between maritime law and Louisiana law on the issues addressed in this Report and Recommendation.

[5] The Fifth Circuit has assumed, apparently making an "*Erie* guess", that Louisiana courts would treat an LLC in the same way that it treats corporations for purposes of piercing the corporate veil. *Hollowell*, 217 F.3d 379, 385, fn7.

Otto Candies, there exists common ownership, directors and officers. The plaintiff has also pled facts from which unified control can be reasonably inferred.[6] The plaintiffs have also alleged, factually, that Otto Candies paid some debts and other expenses owed by Oceanografia. In short, without discovery, the plaintiff has factually pled all that it can factually plead in support of its cause of action.

At oral argument, counsel for Otto Candies argues that the factual allegations set out above were, without exception, insufficiently factual and were actually conclusory.[7] It is certainly true that the factual allegations made by the plaintiffs could be more specific. For example, with regard to the allegation of common ownership, the common owners could have been named, if they were known. Similarly, the allegation that Otto Candies paid some of the debts and other expenses owed by Oceanografia could have been made more precise by setting out those specific debts and expenses.

However, that is not required at this stage of the pleadings. Rather, as recognized in *Lormand*,

> The standard, under the specific language of Fed. Rule Civ. P. 8 (a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. This standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set

---

[6]Otto Candies negotiated the charter at issue in this lawsuit with Diamond; Otto Candies provided a bond as required in the charter at issue; and Otto Candies secured the insurance as charterer as required in the charter at issue in this lawsuit. The charter was, of course, between Oceanografia (not Otto Candies) and Diamond.

[7]At oral argument, counsel for Otto Candies and Candies Family Investments acknowledged the use of the phrase "upon information and belief" in the complaint is permissible and in accord with federal pleading practice. Fed. R. Civ. P. 11(b).

>>forth a plausible claim for relief under a particular theory of law provided
>>there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim."

565 F.3d at 257.

This is consistent with the pronouncement of the Supreme Court in *Erickson* which, again, was issued shortly after *Iqbal*:

>>Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'

551 U.S. at 93, 127 S.Ct. at 2200.

The allegations made by plaintiff herein satisfies the plausibility requirement of *Twombly,* as explained by the Fifth Circuit in *Lormand*, that is, the complaint (1) on its face (2) contains enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of the claim. No plausibility requirement exists, and only a reasonable expectation that discovery will reveal the elements of the claim is sufficient. *Lormand*, 565 F.3d at 257.

It is true, of course, that the plaintiff fails to factually allege several critical elements of his claim, to wit, those relating to accounting, allocation and corporate governance issues. However, factual details in these areas can only be obtained in discovery. Currently, only movants have these details. If such specific details were required to be specifically pled at this stage of the case, essentially no case of this type

could ever survive a motion to dismiss, because the necessary facts would be in the sole possession of the defendant. It is precisely for this reason that the Court in *Iqbal* specifically recognized that whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*., 129 S.Ct.1950.

The undersigned, drawing on my experience and common sense, holds that in the context of this case, the causes of action pled by the plaintiff against Otto Candies are supported with factual allegations sufficiently specific to give the defendant fair notice of what the claim is and the factual grounds on which the claim rests. *Iqbal*, 129 S.Ct.1950. The motion to dismiss by Otto Candies should therefore be denied.

**Allegations against Candies Family Investments**

Diamond makes the following allegations of fact, which are entitled to the assumption of truth at this stage, as supporting its "single enterprise" or "alter ego" cause of actions against Candies Family Investments:

- Candies Mexican is a wholly-owned subsidiary of Candies Family Investments. [Record Doc. 10, ¶ 3];

- Candies Family Investments is responsible for all debts and liabilities of Candies Mexican. [Record Doc. 10, ¶ 4];

- Candies Family Investments provided financing to Candies Mexican. [Record Doc. 10, ¶ 4];

- In 2002, all accounts payable and all accounts receivable of Oceanografia were due/owed to Candies Mexican. [Record Doc. 10, ¶ 5];

- Candies Family Investments' only client in 2002 was Oceanografia. [Record Doc. 10, ¶ 6];

- After 2002, and Candies Mexican continued to receive business only through Oceanografia. [Record Doc. 10, ¶ 6];

- Candies Mexican has no employees of its own. [Record Doc. 10, ¶ 7];

- Candies Mexican has no independent office. [Record Doc. 10, ¶ 7];

- Candies Mexican and Oceanografia had common ownership, directors, and officers, management and operations. [Record Doc. 10, ¶ 13].

Plaintiff alleges that Candies Mexican is a wholly-owned subsidiary of Candies Family Investments, that Candies Family Investments was responsible for the debts of Candies Mexican, that the payables and receivables of Oceanografia were owed to Candies Mexican, that Candies Mexican had no employees, no separate office, received its business only from Oceanografia and had common ownership, directors, officers, management and operations with Oceanografia. Thus, plaintiff's single business enterprise/alter ego claim against Candies Family Investments is one step more removed than is plaintiff's claim against Otto Candies.

In essence, plaintiff's claim is that the business of Oceanografia was passed to Candies Family Investments through the "shell" of Candies Mexican. Again, of the factors recognized by the Fifth Circuit in *Jackson* as necessary to determine whether one entity is an alter ego of another or whether two entities are a "single business enterprise", several have been factually pled here. Specifically, plaintiffs have pled that, as between Oceanografia and Candies Mexican there exists common ownership, directors, officers,

-13-

and management.  It is alleged that Candies Mexican is a wholly-owned subsidiary Candies Family Investments and that Candies Family Investments is responsible for the debts and liabilities of Candies Mexican.  Furthermore, it is alleged that Oceanografia was the only client of Candies Family Investments in 2002, and, thereafter, Candies Mexican took over from Candies Family Investments and that Oceanografia was the only client of Candies Mexican which, again, allegedly had no employees or office of its own, and shared common ownership, directors, officers and management with Oceanografia.

Again, the plaintiff has alleged, factually, many of the factors necessary to show a single business enterprise or an alter ego.  Essentially all of the remaining facts can only be found after discovery has commenced.  Said another way, only the defendants now have access to this information.  If these factual allegations are insufficient to withstand a Rule 12(b)(6) motion, frankly, causes of action such as those pled in this case would likely never survive a motion to dismiss, since the critical facts cannot be known until discovery commences.  A probability of success on the merits need not be shown.  *Lormand,* 565 F.3d at 257.  The defendant is protected by the requirement that those factual allegations set out in the complaint allow the court, using its judicial experience and common sense, to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft*, 129 S.Ct. at 1949, *Twombly*, 555 U.S. at 556, 127 S.Ct. at 1965.

Could some of the factual allegations made by the plaintiff herein be more specific?  Of course.  But that is not the test.  The test is whether or not, in the context of

this case, the causes of action pled by the plaintiff are supported with factual allegations sufficiently specific to give the defendant fair notice of what the claim is and the factual grounds on which the claim rests. *Iqbal*, 129 S.Ct 1950.

In the terms of *Lormand*, this complaint (1) on its face (2) contains enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of the claim. No plausibility requirement exists, and merely the reasonable expectation that discovery will reveal the elements of the claim is sufficient. *Id.*, 565 F.3d at 257. As to Candies Family Investments, this complaint is sufficient to state a claim for relief.

The undersigned, drawing on my experience and common sense, holds that, in the context of this case, the causes of action pled by the plaintiff are supported with factual allegations sufficiently specific to give the defendant, Candies Family Investments, fair notice of what the claim is and the factual grounds on which the claim rests. *Iqbal*, 129 S.Ct.1950. The motion to dismiss by Candies Family Investments should therefore be denied.

**Allegations against Zurich**

The plaintiff alleges that during the time periods set out in the complaint, Zurich issued one or more liability policies to Otto Candies which provided coverage for the liability asserted against Otto Candies. While Zurich argues that the complaint is not factually specific enough to give it notice, and state a cause of action, the undersigned

holds to the contrary. Zurich is specifically notified of the name of its insured, the type of policy allegedly issued, and the time period within which the policy was in force. These are the same type of allegations routinely made against insurers who are named parties defendant pursuant to the Louisiana Direct Action Statute, L.R.S. 22:655.

Frankly, it is difficult to imagine what more could be pled with regard to the alleged liability policy, short of alleging the specific policy number. The plaintiff has informed Zurich of the name of its insured, the type of policy issued to the insured, and the time frame within which the policy was allegedly issued. The undersigned holds that this sufficiently meets the requirements of *Twombly*, *Iqbal* and *Lormand*.

For these reasons, the motion to dismiss filed by Zurich should be **denied**.

## Conclusion

For those reasons set out above, it is the recommendation of the undersigned that the motions to dismiss filed by Otto Candies, LLC, Otto Candies Family Investments, LLC, and Zurich American Insurance Company be **denied**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

February 8, 2011, Lafayette, Louisiana.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE