

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 1 9 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| DIAMOND SERVICES CORP. | CIVIL ACTION NO. 10-0177 |
| VERSUS | JUDGE DOHERTY |
| OCEANOGRAFIA SA DE CV | MAGISTRATE JUDGE HILL |

### MEMORANDUM RULING

Pending before this Court is the Motion for Default Judgment [Doc. 177] filed by plaintiff Diamond Services Corporation ("Diamond"). Diamond seeks to confirm a preliminary default entered against defendant CON-Dive, LLC ("CON-Dive") by the Clerk of Court for damages allegedly sustained by Diamond as set forth in the Second Amending Complaint filed on July 27, 2011. Diamond seeks a judgment in the amount of $12,711,005.04, plus accrued interest and all attorney's fees and costs, from CON-Dive, which has not filed an answer in this case. Defendant Oceanografia S.A. de C.V. ("Oceanografia") opposes the motion against its co-defendant, the non-appearing CON-Dive, on grounds Diamond is not entitled to a default judgment because it cannot prove its damages. Oceanografia filed a Motion for Leave to File a Reply [Doc. 181], which is herein GRANTED, and Diamond filed a Motion for Leave to File a Sur-Reply [Doc. 183], which is also GRANTED.

For the following reasons, Diamond's Motion for Default Judgment" [Doc. 177] is DENIED, and the Clerk's Entry of Default [Doc. 172] is hereby VACATED.

I. **Factual and Procedural Background**

The factual scenario was set forth by this Court in its Memorandum Ruling dated January 24, 2013 [Doc. 156], as follows:[1]

> On June 21, 2002, owner of the M/V Kristen Grace, Plaintiff, entered into a Bareboat Charter Agreement with Defendant Oceanografia S.A. de C.V. ("Oceanografia") and delivered to Oceanografia the M/V Kristen Grace pursuant to the charter. From that point forward, Oceanografia used the vessel and paid charter hire to Plaintiff.
>
> On November 30, 2006, at the request of Oceanografia, the parties purportedly assigned to CON-Dive, a company owned and/or effectively controlled by Oceanografia and Ing. Amando Yanez Osuna, (herein referred to as "Yanez") the bareboat charter signed on June 21, 2002. Despite this purported assignment, which was for reasons unknown to Plaintiff, the vessel subject to the charter continued to be used solely by Oceanografia. No charter was ever executed between CON-Dive and Oceanografia. On January 23, 2008, Yanez purchased 100% of the capital stock of CON-Dive. In addition, Yanez used the assignment of the M/V Kristen Grace charter to CON-Dive as a means of secreting liabilities of Oceanografia. At no time did Yanez ever intend for the M/V Kristen Grace to be used by CON-Dive; rather, and despite any purported assignment, the vessel remained in the possession and control of Yanez and Oceanografia. Yanez and Oceanografia commingled funds, and Yanez operated Oceanografia and CON-Dive as single business enterprises to the detriment of Plaintiff.
>
> Subsequent to November 30, 2006, Oceanografia and Plaintiff agreed to renew said charter for a period of one year, on the same terms and conditions executed on June 21, 2002. This one-year extension was from December 31, 2006 through December 31, 2007. Once said one-year extension expired, Plaintiff and Oceanografia agreed to the chartering of the M/V Kristen Grace on a month-to-month basis, pursuant to the same terms and conditions of the charter executed on June 21, 2002.
>
> Invoices were sent to both CON-Dive and Oceanografia, and while CON-Dive made several initial payments, all subsequent payments were made by Oceanografia and/or Yanez. The last payment received from Oceanografia was on May 5, 2009 in the amount of $150,000.00. Even after said payment, Oceanografia was still in arrears with regards to charter hire owed. Both CON-Dive and Oceanografia are jointly and severally liable for the entire amount owed. At all relevant times, Oceanografia

---

[1] The facts as recited herein are taken in their entirety from Diamond's first motion to confirm a default judgment [Doc. 140]. CON-Dive has not made an appearance in the case, and, therefore, has not challenged the factual scenario as set forth by Diamond.

retained possession and complete control of the M/V Kristen Grace. Furthermore, based on the misrepresentations of Yanez, and Oceanografia that payment would be forthcoming, Plaintiff continued to allow Oceanografia to maintain possession of the M/V Kristen Grace subsequent to May 5, 2009.

Despite not being the owner and contractually prohibited from doing such, Yanez and/or Oceanografia: 1) On January 19, 2007, caused a mortgage to be recorded on the M/V Kristen Grace to HSBC in the amount of $3,294,000.00; 2) January 10, 2008, caused a fleet mortgage to be recorded that included the M/V Kristen Grace to Morgan Stanley, for approximately $300,000,000; and September 17, 2009, caused a mortgage to be recorded on the M/V Kristen Grace in favor of D. F. Deutsche Forfait S.R.O., in the amount of $16,500,000.

On September 28, 2009, after repeated demands for payment of accrued hire, Diamond Services proceeded to Mexico and reclaimed the M/V Kristen Grace. It was at such time, Plaintiff became aware of extensive damage to the M/V Kristen Grace caused by Oceanografia and during its charter of the vessel. Defendants were contractually bound to redeliver the M/V Kristen Grace in the same good order and condition, ordinary wear and tear excepted, as when delivered. Said damages to the M/V Kristen Grace while in the possession, custody, control, and charter of the Defendants, were a result of negligence of the Defendants, their agents, employees, or other persons for which they are liable for.

The Defendants were placed in default by correspondence dated December 22, 2009, in accordance with the renewed Bareboat Charter Agreement. The Defendant's breaches include, but not limited to: 1) Failure to tender the amounts owed for hiring the said charter; 2) Failure to maintain insurance coverage as more specifically described in the said Bareboat Charter Agreement; 3) Failure to maintain or renew the USF&G bond required under said Bareboat Charter Agreement; and 4) Failure to return the vessel in good condition.

Diamond sued Oceanografia in this Court on February 8, 2010. On June 21, 2010, Diamond filed an Amending Complaint [Doc. 10] adding Otto Candies, L.L.C., Candies Family Investments, L.L.C., and Zurich American Insurance Company as defendants. On July 27, 2011, plaintiff filed its Second Amending Complaint [Doc. 103] removing defendants Candies Family Investments, L.L.C. and Zurich American Insurance Company as parties, but adding Amado Yanez and CON-Dive as defendants.

When CON-Dive did not file its answer within the delays prescribed by law, Diamond requested that the Clerk of Court enter a preliminary default against CON-Dive, which the Clerk entered on October 11, 2012 [Doc. 138]. Diamond then filed its first Motion for Default Judgment [Doc. 140] on November 13, 2012; Oceanografia opposed that motion [Doc. 153] on grounds CON-Dive had not properly been served, and filed a stand-alone Motion to Set Aside Default [Doc. 152]. After concluding Diamond had not carried its burden to show CON-Dive had been properly served, this Court denied Diamond's Motion for Default Judgment and granted Oceanografia's Motion to Set Aside Default [Doc. 156].

The record shows CON-Dive was served with a Summons and Complaint, Amending Complaint, and Second Amending Complaint through the Louisiana Secretary of State on July 29, 2013 [Doc. 169], and no party disputes the validity of this service. After CON-Dive failed to answer the Second Amending Complaint within the delays provided by law, the Clerk of Court entered a preliminary default against CON-Dive on September 10, 2013 [Doc. 172]. Diamond filed the instant motion to confirm the default on December 30, 2013.

## II. Law and Analysis

### 1. Standing

This Court has already concluded Oceanografia has standing to oppose a motion to confirm a default judgment urged by Diamond against CON-Dive. In a previous ruling addressing this issue, the Court noted although it was unable to find cases within the Fifth Circuit so holding, other courts have held a defendant against whom liability has been alleged jointly and/or severally has standing to challenge an entry of default against a co-defendant.[2] In *Rodriguez v. Irwin*, 2011 WL 737316

---

[2] *See* Memorandum Ruling, Doc. 156, at pp. 4-5.

(E.D.N.C. 2011), the court stated:

> The court found that because the plaintiff had alleged that all the defendants acted jointly and as each other's agents, the appearing defendant had demonstrated an injury in fact and had standing to challenge the entry of default against non-appearing defendants. Similarly, here, a judgment against Chappell is executable against Irwin Naturals by virtue of the theory of joint liability alleged in the amended complaint. Thus, Irwin Naturals has standing to oppose entry of default, because it has shown (1) injury in fact (Irwin Naturals is subject to a default judgment against Chappell), (2) causation (the entry of default judgment against Chappell if not challenged) and (3) redressability (challenging the entry of default may remedy exposure to liability for default judgment).

(internal citations omitted). *See also Sack v. Seid*, 2002 WL 31409573, at *2 (N.D. Ill. 2002) (appearing defendant had standing to challenge entry of default against non-appearing defendants); *see also In Re Uranium Antitrust Litig.*, 617 F.2d 1248, 1256 n.32 (7th Cir. 1980) (non-defaulted defendants demonstrated injury in fact and had standing to challenge entry of default judgment where alleged joint and several liability subjected the non-defaulting defendants to execution of the default judgment).

In the instant case, Diamond alleges in its Second Amending Complaint that Oceanografia and CON-Dive were part of the same "single business enterprise" [Doc. 103, ¶¶ 11 & 31], and Diamond alleges in the instant Motion for Default Judgment that CON-Dive and Oceanografia were operated "as a single business enterprise[] to the detriment of [Diamond]."[3]

---

[3] *See* Doc. 177, p. 2. A review of the pleadings in this case shows Diamond has alleged claims of, *inter alia*, negligence and, potentially, breach of a charter agreement. At this early stage of the litigation, it is impossible for the Court to know the true nature of the claims alleged. No one contests that joint and several liability is alleged against CON-Dive and Oceanografia; indeed, Diamond has not filed a reply brief challenging the assertion made by Oceanografia in that respect. Therefore, this Court accepts, for the purposes of the instant motions, Diamond's assertion that joint and several liability has been alleged.

Notwithstanding the foregoing, to the extent the claims alleged in this case are couched under the general maritime law, the concept of true comparative fault might or might not apply. This Court makes no determination regarding whether CON-Dive and Oceanografia are, or can be, truly jointly liable under the governing law, but for the purposes of this motion, and specifically, with respect to the issue of standing, this Court concludes Oceanografia has demonstrated it has standing to challenge the default judgment, and Diamond has not refuted that contention.

Considering the foregoing, this Court concludes liability has been alleged against Oceanografia and CON-Dive jointly and severally, and Oceanografia therefore has standing to challenge the default judgment entered against its co-defendant, CON-Dive.

### 2.    Motion for Default Judgment

Diamond seeks a default judgment against CON-Dive pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure, which states:

> (b) Entering a Default Judgment.
>
> > (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1).

The Fifth Circuit has recognized the seriousness of a default judgment. See, e.g., *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 63 (5th Cir. 1992) ("Because of the seriousness of a default judgment, and although the standard of review is abuse of discretion, 'even a slight abuse [of discretion] may justify reversal.'"), citing *Williams v. New Orleans Pub. Serv.*, 728 F.2d 730, 734 (5th Cir.1984), quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981). Indeed, the Fifth Circuit has held that a "party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001), citing *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir.1996). In fact, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Lewis*, 236 F.3d at 767, citing *Sun Bank of Ocala v. Pelican Homestead and Savings Ass'n.*, 874 F.2d 274, 276 (5th Cir.1989). Thus, the Fifth Circuit has noted, federal courts generally

disfavor default judgments, preferring to resolve disputes according to their merits. *Harper McLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001), *citing Lindsey v. Prive Corp.*, 161 F.3d 886, 892 (5th Cir.1998). The Fifth Circuit has held a district court must set aside a default judgment as void if it determines that it lacked personal jurisdiction over the defendant because of defective service of process. *Harper McLeod*, 260 F.3d at 393, *citing Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind*, 841 F.2d 646, 649 (5th Cir.1988).

It is also well-settled that a default judgment is "unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Nishimatsu Const. Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975), *citing Thomson v. Wooster*, 1884, 114 U.S. 104, 5 S.Ct. 788, 29 L.Ed. 105. As the court stated in *Nishimatsu*:

> The corollary of this rule, however, is that a defendant's default does not in itself warrant the court in entering a default judgment. *There must be a sufficient basis in the pleadings for the judgment entered.* As the Supreme Court stated in the "venerable but still definitive case" of Thomson v. Wooster: a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill." 114 U.S. at 113, 5 S.Ct. at 792, 29 L.Ed. at 108. *The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.* In short, despite occasional statements to the contrary, a default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover.

515 F.2d at 1206 (internal citations omitted) (emphasis added). Thus, a default judgment cannot be granted unless the judgment is supported by the well-pleaded allegations of the complaint.

In the instant motion, Diamond argues (1) CON-Dive is not a minor, incompetent person, military personnel, or the United States of America or its agent; (2) Diamond's claim is for a sum certain, to wit, $12,711,005.04, which sum has been verified under oath by Eugene H. Darnell, III, Diamond's CPA, via the filing of Mr. Darnell's sworn Affidavit; (3) CON-Dive was properly served

with the Summons and Complaint, Amending Complaint, and Second Amending Complaint pursuant to Rule 4(e)(1) and Rule 4(e)(2) of the Federal Rules of Civil Procedure; and (4) the Clerk of Court issued a notice of Entry of Default against CON-Dive on September 10, 2013. On the basis of the foregoing, Diamond argues it is entitled to a default judgment.

By way of response, CON-Dive argues the Second Amending Complaint does not allege well-pleaded facts that, even if true, would demonstrate CON-Dive is liable to Diamond under any alleged cause of action. Specifically, Oceanografia argues Diamond cannot maintain a suit against it for open account, as Diamond alleges the vessel in question was used exclusively by Oceanografia (not by CON-Dive), and no charter was executed between Oceanografia and CON-Dive for the vessel; there can be no claim against CON-Dive for breach of contract, as the only contract referenced in the Second Amending Complaint is the charter agreement between Diamond and Oceanografia, and it is undisputed CON-Dive was not a party to that contract; Diamond's claim for fraud does not assert any allegations of acts or omissions by CON-Dive; and there can be no allegation of negligence against CON-Dive, as, again, CON-Dive was not a party to the charter in question, and CON-Dive never had possession, custody, or control of the vessel.

Diamond's argument that counsel for Oceanografia's assertion in a previous filing – asserting Oceanografia's charter of the vessel actually terminated in 2006, at which time <u>CON-Dive</u> assumed all obligations of the charter – is insufficient to establish a cause of action against CON-Dive for breach of contract, for several reasons.[4] First, review of the pleading in which the aforementioned contention is argued to be contained shows the pleading actually states only that Oceanografia's

---

[4] Specifically, Diamond argues in a previously-filed Motion for Summary Judgment [Doc. 87], counsel for Oceanografia asserted CON-Dive assumed all obligations of the charter after November 2006.

charter of the vessel was terminated in November 2006, and a new charterer (CON-Dive) <u>*was to assume*</u> responsibility for the vessel. The pleading does not state that Con-Dive did, in fact, assume responsibility for the vessel, and no party, including Diamond, has presented this Court with evidence that such a contract was ever confected. Indeed, in its Second Amending Complaint, Diamond alleges only that the parties "purportedly assigned to CON-Dive, a company owned and/or effectively controlled by Oceanografia and Ing. Amando Yanez Osuna, (herein referred to as "Yanez") the bareboat charter signed on June 21, 2002."[5] Diamond does not allege that the contract was, in fact, actually assigned, nor has Diamond presented any evidence to this Court that there was, in fact, an agreement or contract between Diamond and Con-Dive relating to the vessel in question.

Second, the foregoing assertion is the assertion of *counsel for Oceanografia*, and, as such, in no way binds CON-Dive, which has not yet made an appearance in this matter. Diamond attempts to circumvent this deficiency by arguing that CON-Dive is a company owned and/or effectively controlled by Oceanografia and Amado Yanez, and that if and when Amado Yanez presents himself for deposition here in the United States as the representative of Oceanografia, counsel for Oceanografia will *likely* also be represented by Mr. Yanez. However, whether counsel for Oceanografia ultimately represents CON-Dive in this matter is not an issue for this Court to address at this time, and certainly cannot provide a basis for the entry of a roughly $12 million default judgment against CON-Dive, a party that has not, to this point, made an appearance in the case. This Court also questions whether – even if he were to become counsel for CON-Dive at some point in the future – counsel for Oceanografia could *bind* CON-Dive with an assertion he made before he became counsel for CON-Dive. For all these reasons, the fact that counsel for Oceanografia may

---

[5] *See* Second Amending Complaint, Doc. 103, at ¶11.

have, at one time, indicated CON-Dive was to assume responsibility for the vessel – in the absence of any evidence that CON-Dive did, in fact, assume responsibility for the vessel – cannot provide the foundation for a default judgment against CON-Dive at this time.

Considering the foregoing, this Court concludes the well-pleaded facts of the Second Amending Complaint do not provide a sufficient basis upon which to confirm the default entered by the Clerk of Court against CON-Dive. Indeed, this Court concludes that, at this time, Diamond cannot prove its damages for a "sum certain" pursuant to Fed. R. Civ. P. 55(b)(1), as it is not apparent from the face of the pleadings that Diamond is entitled to judgment. For these reasons, the Court concludes Diamond is not entitled to confirm the preliminary entry of default entered by the Clerk of Court.

3. **Default judgment is set aside**

Oceanografia has not filed a concomitant motion to set aside the default entered by the Clerk of Court against CON-Dive. However, this Court may set aside an entry of default for "good cause shown" pursuant to Rule 55(c) of the Federal Rules of Civil Procedure. *See, e.g., In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008). After review of the record in this matter, and for the reasons stated herein, this Court concludes good cause exists to set aside the entry of default entered by the Clerk of Court against CON-Dive.

**III. Conclusion**

For the foregoing reasons,

IT IS ORDERED that the "Motion for Default Judgment" [Doc. 177] filed by plaintiff Diamond Services Corporation is DENIED. It is further ORDERED that the Clerk's Entry of

Default [Doc. 172] is hereby VACATED.

THUS DONE AND SIGNED in Chambers, Lafayette, Louisiana, this **19** day of March, 2014.

_____
REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE