UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIAMOND SERVICES CORP.** | CIVIL ACTION |
| VERSUS | |
| **OCEANOGRAFIA S.A. de C.V. ET AL.** | NO.: 10-00177-BAJ-CBW |

## RULING AND ORDER

Before the Court is Diamond Services Corporation's **Motion for Default Judgment (Doc. 247)** against Oceanografia S.A. de C.V. and Con-Dive, LLC. For the reasons that follow, the **Motion (Doc. 247)** is **GRANTED**.

### I. BACKGROUND

This dispute arises from a bareboat charter agreement between Diamond and Oceanografia for use of the M/V Kristen Grace. (Doc. 103 at ¶ 5). Diamond owns the M/V Kristen Grace. (*Id.*). Oceanografia is a Mexican corporation that agreed to charter the M/V Kristen Grace. (*Id.* at ¶¶ 1, 7). Con-Dive is a defunct Texas limited liability company owned and controlled by Oceanografia. (*Id.* at ¶ 11). Diamond sued Oceanografia and Con-Dive for property damage the M/V Kristen Grace sustained during the charter and for unpaid rent under the bareboat charter agreement. (*Id.* at ¶¶ 1-64).

Diamond served Oceanografia and Con-Dive. (Doc. 184 at p. 4). Con-Dive has not appeared. Oceanografia appeared through counsel for a brief period, but it has repeatedly disobeyed the Court's orders. (Doc. 240). On August 15, 2018, the Court informed Oceanografia that because it is a corporation, it cannot litigate in federal court without counsel. (Doc. 236). And the Court warned Oceanografia that it would enter a default judgment against it if it failed to enroll counsel within seven days. (*Id.*). Seven days passed and Oceanografia failed to enroll counsel. (Doc. 240). So on August 29, 2018, the

1

Court indicated it would enter a default judgment against Oceanografia and ordered Diamond to file a motion for default judgment describing its damages. (*Id.*).

Now, Diamond moves for a default judgment of $8,185,381.16 plus interest against Oceanografia and its alter ego, Con-Dive. (Doc. 247). To support the damages it claims, Diamond offers verified complaints and the declarations of its accountant, Eugene Darnall, and its marine manager, Kenneth Guidry. (Docs. 247-1, 247-2). The Court held an evidentiary hearing on Diamond's motion on November 28, 2018. During the hearing, Diamond offered testimony tending to show that it is entitlted to a default judgment in the amount it requests.

## II. LEGAL STANDARD

A party may apply to the Court for a default judgment against a party that has failed to appear or otherwise defend. Fed. R. Civ. P. 55(b). When a default judgment is not for a sum certain, the Court may hold a hearing to determine the amount of damages it should award. Fed. R. Civ. P. 55(b)(2)(B).

## III. DISCUSSION

The Court may enter a default judgment against a corporation that fails to appear through counsel after the Court has repeatedly given it the chance to do so. *See, e.g., Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180, 192 (2d Cir. 2006); *Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 589 (2d Cir. 1975). Because Oceanografia has failed to appear through counsel after the Court gave it many opportunities to do so, the Court will enter a default judgment against Oceanografia and its alter-ego, Con-Dive. (Docs. 236, 240).

Diamond's verified complaints contain factual allegations which, taken as true, provide the Court a "sufficient basis" to enter a default judgment against Oceanografia

and Con-Dive. *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). Diamond's verified complaints also contain plausibly-pleaded allegations that establish that Con-Dive is Oceanografia's alter ego under Louisiana law. *See Green v. Champion Ins. Co.*, 577 So. 2d 249, 257-258 (La. Ct. App. 1st Cir. 1991) (stating factors to consider to determine whether one entity is the alter ego of another). Considering the declarations of Diamond's accountant and marine manager, as well as the testimony offered at the November 28, 2018 hearing, the Court concludes that Diamond is entitled to a default judgment against Oceanografia and Con-Dive, jointly and severally, calculated as follows:

- $1,092,042.25 for accrued and unpaid charter hire as of October 2009, together with interest at the contractually agreed rate of 18% per annum, running from October 2009 to present;

- $4,650,000.00 for unpaid hire during the time period November 2009 through April 30, 2012 together with interest at the contractually agreed rate of 18% per annum, running from the date each monthly obligation for such charter hire became due to present;

- $2,118,423.45 in vessel repair costs, with interest at the contractually agreed rate of 18% per annum, running from May 1, 2012 to present;

- $287,102.11, representing the 5% default late charge as to unpaid charter hire; together with interest at the contractually agreed rate of 18% per annum, running from the date the Court enters judgment;

- $37,813.35 in court costs, service of process fees and other costs to repossess the vessel as allowed under Article 10 of the Charter, together with interest at the contractually agreed rate of 18% per annum, running from the date the Court enters judgment; and

- Post-judgment interest accruing on the total amounts set forth above together with interest at the contractually agreed rate of 18% per annum, running from the date the Court enters judgment.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Diamond Services Corporation's **Motion for Default Judgment (Doc. 247)** against Oceanografia S.A. de C.V. and Con-Dive, LLC is **GRANTED**. A separate Final Judgment of Default shall issue in accordance with Federal Rules of Civil Procedure 55 and 58.

**IT IS FURTHER ORDERED** that Diamond Services Corporation's **Motion for Entry of a Scheduling Order (Doc. 231)** is **DENIED** as moot.

Baton Rouge, Louisiana, this 20th day of December, 2018.

*/s/ Brian A. Jackson*
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**